UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PALAZZOLO,

        CIVIL ACTION NO. 10-13146

    Plaintiff,

vs.        HONORABLE JOHN CORBETT O'MEARA

OAKWOOD HOSPITAL,        HONORABLE MONA K. MAJZOUB

    Defendant.   /

**I.    RECOMMENDATION:** This Court recommends that the Motion For Judgment On The Pleadings filed by Defendant (docket no. 9) should be **DENIED** in order to allow Plaintiff's counsel an opportunity to file an amended complaint.

**II.    REPORT:**

This matter comes before the Court on the Motion For Judgment On The Pleadings filed by Defendant. (Docket no. 9). Plaintiff's counsel filed a response. (Docket no. 14). Defendant filed a reply. (Docket no. 15). All pretrial matters have been referred to the undersigned for action. (Docket no. 6). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Facts**

Plaintiff filed a *pro se* complaint on August 9, 2010 naming Oakwood Hospital Legal Affairs as the sole Defendant. Plaintiff sues Oakwood Hospital Legal Affairs based on written statements made by Oakwood Hospital paralegal Nawaal Elhaddi. The complaint alleges that Elhaddi discriminated against, slandered, and defamed Plaintiff in written statements made in position papers Elhaddi wrote to the EEOC in response to Plaintiff's two charges of discrimination. Oakwood Hospital filed an answer to the complaint and has defended against this action.

Plaintiff attached documents to his complaint which include Elhaddi's two EEOC position papers, a November 2001 letter sent by a probation agent to the Oakwood Hospital Director of Human Resources stating that Plaintiff was convicted on one count of Attempted Possession of Less than 25 Grams of Cocaine, a letter of reference from a clinical nurse manager at Oakwood Hospital, and a Notice of Right to Sue in relation to EEOC charge 471-2010-01647. (Docket no. 1).

The complaint and attached documents reveal that Plaintiff filed EEOC Charge No. 471-2009-02961 on July 27, 2009, alleging that Oakwood Hospital refused to hire him based on a record of disability. (Docket no. 1). Plaintiff filed a second charge of discrimination in 2010, EEOC Charge No. 471-2010-01647, again alleging that he was denied hire on the basis of disability. (Docket no. 1). Oakwood Hospital paralegal Nawaal Elhaddi submitted position papers to the EEOC in response to Plaintiff's charges. (Docket no. 1). In response to EEOC Charge No. 471-2009-02961 Elhaddi's position paper states that management suspected Plaintiff of diverting narcotics. (Docket no. 1). The position paper also states that Plaintiff "suddenly began missing work as a no-call, no-show." (Docket no. 1). In his complaint, Plaintiff contends that these statements are false. Plaintiff contends that he was never a diverter and he never "no called, no showed" as Elhaddi claims, but rather he was in support groups and in substance abuse recovery. (Docket no. 1 at 1-2).

Plaintiff's complaint alleges that he had one interview with Oakwood Hospital after he filed EEOC Charge No. 471-2009-02961. The complaint states that that the assistant manager who escorted Plaintiff to the interview remembered Plaintiff because he had filed a complaint against her co-worker related to the medical care his girlfriend had received in the hospital. (Docket no. 1 at 2). The complaint also states that Plaintiff received a letter stating that "3 South" would not hire him.

2

(Docket no. 1 at 2).

Next, Plaintiff alleges that he interviewed with Oakwood Staffing Solutions, a temporary staffing agency. Plaintiff claims that Ms. Nieman, the manager of Staffing Solutions, asked him to discuss the manner in which he had handled a situation where a doctor had been upset with certain patient care Plaintiff had provided. Plaintiff claims that the situation Nieman described was untrue. (Docket no. 1 at 3). He further contends that Nieman asked him about a DUI he had disclosed on his employment application. Plaintiff alleges that Nieman informed him that she wanted a detailed letter surrounding the circumstances of the incident. He claims that he informed Nieman that he was in recovery and that he had remained clean and sober for more than six years. He claims that Nieman was aware that he had previously received treatment for substance abuse. Plaintiff claims that while Nieman seemed satisfied with his responses, he did not receive an interview.

Plaintiff's complaint states that this lawsuit is not related to Nieman's conduct. Instead, Plaintiff claims that his concern is with paralegal Elhaddi and the way she cancelled mediation, told Plaintiff he would be taken through the hiring process, and shared statements with the EEOC that were false and defamatory. (Docket no. 1 at 5).

**B.     Standard**

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Failure to state a claim upon which relief can be granted may be raised in a motion brought under Rule 12(c). Fed.R.Civ.P. 12(h)(2)(B). In deciding a Rule 12(c) motion, the court uses the same standard of review as it does for motions brought pursuant to Rule 12(b)(6). *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*,

477 F.3d 383, 389 (6th Cir.2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. . . .A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When a plaintiff attaches documents to his complaint, the contents of those documents become part of the pleadings for all purposes. Fed.R.Civ.P. 10(c). Ordinarily, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). There are exceptions to this general rule. The court may consider documents attached to a Rule 12(c) motion if they are referred to in the complaint and are central to the plaintiff's claims. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir.1997).

**C.      Analysis**

Defendant argues that Plaintiff failed to file his complaint within ninety days of receiving the EEOC's Notice of Right to Sue as to his First Charge of Discrimination, EEOC Charge No. 471-2009-02961. Plaintiff references EEOC Charge No. 471-2009-02961 repeatedly throughout his complaint and even attached to his complaint Elhaddi's position paper filed in response to the charge. Plaintiff's allegations in this lawsuit are based in large part on written statements Elhaddi made in response to EEOC Charge No. 471-2009-02961. Plaintiff attached the Notice of Right to Sue he received in relation to EEOC Charge No. 471-2010-01647. He did not, however, attach the notice he received in relation to EEOC Charge No. 471-2009-02961. Defendant has submitted a

copy of the Notice of Right to Sue issued in EEOC Charge No. 471-2009-02961. (Docket no. 9, ex. 5). The Court has reviewed that notice in keeping with its authority to review documents attached to a Rule 12(c) motion that are referred to in the complaint and are central to the plaintiff's claims. *See Weiner v. Klais & Co., Inc.*, 108 F.3d at 89. The Court has not reviewed other exhibits attached to Defendant's motion.

The Dismissal and Notice of Right to Sue in EEOC Charge No. 471-2009-02961 was mailed to Plaintiff on March 8, 2010. (Docket no. 9, ex. 5). The notice instructs Plaintiff that he must file suit within ninety days of receipt of the notice. (Docket no. 9, ex. 5). Plaintiff's lawsuit was not filed until August 9, 2010, well beyond the ninety day limit. Plaintiff has not alleged or argued a continuing violation. Accordingly, Plaintiff cannot state a claim of disability discrimination based upon facts alleged in his 2009 charge, EEOC Charge No. 471-2009-02961.

Next, Defendant argues that Plaintiff's claims fail because Elhaddi's written statements to the EEOC are absolutely privileged and cannot form the basis of a claim of discrimination or defamation. Defendant cites *Kettering v. Diamond-Triumph Auto Glass, Inc.*, 24 Fed. App'x. 352 (6th Cir.2001) to support this proposition. In *Kettering*, the Sixth Circuit interpreted Ohio law to find that statements made to the EEOC are absolutely privileged and provide a defense to a defamation action.

Under Michigan law, the doctrine of absolute privilege is narrow and extends only to matters of public concern involving legislative proceedings, judicial proceedings, and communications by military and naval officers. *Froling v. Carpenter*, 512 N.W.2d 6, 8 (Mich. Ct. App. 1993). Courts have determined that communications made to the EEOC are absolutely privileged because EEOC proceedings are quasi-judicial in nature. *See Shabazz v. PYA Monarch, LLC*, 271 F.Supp.2d 797,

5

803-04 (E.D. Va. 2003) ("based on the nature of the EEOC proceedings, its power to subpoena documents, information and witnesses, and its power to file a lawsuit at the conclusion of its investigation, makes the proceedings before the EEOC quasi-judicial."); *Bernstein v. Seeman*, 593 F.Supp.2d 630, 635 (S.D. N.Y. 2009). However, Defendant has not cited any case that has reached this same conclusion after interpreting Michigan law. Even if the Court were to conclude that communications to the EEOC are absolutely privileged, the privilege would act as a defense only to Plaintiff's claim of defamation, not his claim of disability discrimination. Because the Court can resolve this motion on other grounds, it declines to reach the issue of whether communications made to the EEOC are absolutely privileged for purposes of a defamation claim.

To state a claim of disability discrimination under the ADA, a plaintiff must allege that (1) he is disabled; (2) he is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and (3) he suffered an adverse employment action solely because of his disability. *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 452 (6th Cir.2004). Plaintiff alleges that Miss Nieman asked him about a DUI and was aware of Plaintiff's past substance abuse treatment and six year period of recovery. (Docket no. 1 at 4). Substance abuse may be considered a disability under the ADA. *MX Group, Inc. v. City of Covington*, 293 F.3d 326, 336 (6th Cir.2002). Plaintiff has therefore alleged sufficient facts to support the first element of this claim.

Next, Plaintiff must allege facts to show that he was qualified to perform the essential functions of the job for which he was applying. The Court concludes that Plaintiff's complaint does not state facts to show that he was qualified to perform the position of registered nurse at Oakwood Hospital.

Finally, Plaintiff must allege that Defendant discriminated against him solely on the basis

of his disability. Plaintiff has not alleged as much. Plaintiff states in his complaint that Sue Schultz, his former manager, informed Plaintiff that "they did not have any positions at that time." As previously discussed, Plaintiff sued Oakwood Hospital Legal Affairs complaining of written statements made by paralegal Elhaddi in EEOC position papers. Records attached to the complaint show that Elhaddi made the alleged false statements to the EEOC in response to Plaintiff's second EEOC charge after the hiring decision had been made. Even if the alleged false statements were made before the hiring decision was made, Plaintiff has not alleged facts to show that Elhaddi's statements had any influence on the decision not to hire Plaintiff. Plaintiff has not alleged sufficient facts to support this element of his claim.

Although federal courts are required to liberally construe the pleadings of a *pro se* plaintiff and to hold them to a less stringent standard than similar pleadings drafted by attorneys, *see Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir.1999), a *pro se* plaintiff's complaint must nonetheless "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir.2005).

Plaintiff is represented by counsel in this action and is no longer proceeding *pro se*. Therefore, the Court recommends that Plaintiff's counsel be ordered to file an amended complaint setting forth plausible claims for relief against a proper defendant. The amended complaint should be filed within twenty-one days of the date of entry of an order of the district judge adopting this Report and Recommendation, if such order is entered. If Plaintiff's counsel does not file an amended complaint within twenty-one days of such order, Plaintiff's claim of disability discrimination should be dismissed. The Court should then decline to accept supplemental jurisdiction over Plaintiff's state law claims.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 25, 2011            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

    I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: May 25, 2011        s/ Lisa C. Bartlett
                                   Case Manager