## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM PALAZZOLO,

               **Plaintiff,**

    **vs.**

OAKWOOD HOSPITAL,

               **Defendant.**/

CIVIL ACTION NO. 10-13146

HONORABLE JOHN CORBETT O'MEARA

HONORABLE MONA K. MAJZOUB

**I.**    **RECOMMENDATION:**  This Court recommends that the Motion To Dismiss filed by Defendant Oakwood Healthcare, Inc. (docket no. 22) be **GRANTED**.

**II.**    **REPORT:**

      This matter comes before the Court on the Motion To Dismiss filed by Defendant Oakwood Healthcare, Inc. (Docket no. 22). Plaintiff filed a response. (Docket no. 24). All pretrial matters have been referred to the undersigned for action. (Docket no. 6). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts and Procedural History**

      Plaintiff filed a *pro se* complaint against Oakwood Hospital Legal Affairs on August 9, 2010. (Docket no. 1). The complaint alleges that an Oakwood Hospital paralegal discriminated against, slandered, and defamed Plaintiff in written statements she made in position papers that Oakwood Hospital submitted to the EEOC in response to Plaintiff's two charges of discrimination. (Docket no. 1). On December 7, 2010 Defendant filed a Motion for Judgment on the Pleadings. (Docket no. 9). Thereafter, Plaintiff retained counsel and filed a response to Defendant's motion. (Docket nos. 12, 14). The Court reviewed Defendant's motion and found that Plaintiff's claims based on EEOC

Charge No. 471-2009-02961 were time barred, but otherwise denied the motion and ordered Plaintiff to file an amended complaint.  (Docket nos. 16, 18).

Plaintiff filed a first amended complaint on August 3, 2011 against Oakwood Hospital. (Docket no. 21).  The amended complaint is based upon facts stated in Plaintiff's 2010 EEOC complaint, Charge No. 471-2010-01647.  The amended complaint alleges that Defendant Oakwood Hospital refused to rehire Plaintiff based on his disability in violation of the Americans with Disabilities Act ("ADA").  The amended complaint states that Plaintiff was employed with Oakwood Hospital from 1990 to 2002.  His employment was suspended in or around 2001 because of a substance abuse problem.  (Docket no. 21, ¶ 5).  Subsequently, from 2002 to 2004 Plaintiff's nursing license was suspended.  (Docket no. 21, ¶ 6-7).  His nursing license was allegedly restored in or around 2004.  (Docket no. 21, ¶ 6).  Plaintiff was employed as a nurse with Harper Hospital from 2004 to 2009.  (Docket no. 21, ¶ 7-8).  He first sought re-employment with Oakwood Hospital in July 2009.  (Docket no. 21, ¶ 10).  On July 27, 2009 Plaintiff filed a complaint with the EEOC alleging that Oakwood Hospital refused to hire him based on his record of disability.

The amended complaint states that Plaintiff sought re-employment with Defendant a second time through Oakwood Staffing Solutions in 2010.  (Docket no. 21, ¶ 12).  Plaintiff filed a second charge of discrimination with the EEOC in March 2010, Charge No. 471-2010-01647, alleging that he was denied hire on the basis of disability.  (Docket no. 21, ¶ 12).  The EEOC issued a Right to Sue letter in Charge No. 471-2010-01647 on May 7, 2010.  (Docket no. 21, ¶ 16).

**B.    Standard**

Defendant moves to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face....A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted).  A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation omitted).

When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).  The Court may review documents attached to the complaint without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Koubriti v. Convertino*, 593 F.3d 459, 462 n.1 (6th Cir. 2010).

**C.    Analysis**

To state a claim of disability discrimination under the ADA, a plaintiff must allege facts to show (1) that he is disabled, (2) that he is otherwise qualified to perform the job requirements with or without reasonable accommodation, and (3) that he suffered an adverse employment action solely because of his disability. *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 452 (6th Cir. 2004) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996)).  To prevail on his claim a plaintiff may rely on direct or indirect evidence of discrimination. *Hedrick*, 355 F.3d at 452-53. How courts analyze these claims depends upon whether the plaintiff presents direct or indirect proof of discrimination.  If the plaintiff has direct evidence that the employer relied on his disability in making the adverse employment decision, or if the employer admits reliance on the disability, (1)

3

the plaintiff bears the burden of establishing that he is disabled, (2) the plaintiff bears the burden of establishing that he is otherwise qualified for the position despite his disability: a) without a reasonable accommodation; b) with an alleged essential job requirement eliminated; or c) with a proposed reasonable accommodation; and 3) the employer bears the burden of proving that a challenged job criterion is essential or that a proposed accommodation is unreasonable. *Id*. at 452 (citing *Monette*, 90 F.3d at 1186).

A plaintiff relying on indirect evidence of discrimination will be required to demonstrate that (1) he is disabled within the meaning of the act; (2) he is otherwise qualified for the position with or without reasonable accommodation; (3) he suffered an adverse employment action; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Monette*, 90 F.3d at 1186.  Once the plaintiff meets this burden, the defendant must come forward with a legitimate explanation for its action.  If the defendant satisfies its burden, the plaintiff is required to produce evidence to show that the defendant's proffered reason is a pretext for discrimination. *Hedrick*, 355 F.3d at 453.

In the present case Defendant does not dispute that Plaintiff's amended complaint alleges sufficient facts to satisfy the ADA's disability requirement.  Rather, Defendant contends that Plaintiff has failed to allege facts to show that he was qualified to perform the position for which he applied.        According to the amended complaint, Plaintiff applied for a telemetry position at Oakwood Hospital in 2010.  (Docket. no. 21, ¶ 14).  Plaintiff alleges that he was qualified for the position because his nursing license was reinstated in 2004 and because he worked as a nurse at Harper Hospital from 2004 to 2009.  (Docket no. 21, ¶ 23).  The amended complaint does not allege

4

additional facts to show that Plaintiff was qualified to perform essential functions of the telemetry job.

Documents attached to the amended complaint reveal that Plaintiff worked for Oakwood Hospital as a staff nurse on the intermediate cardiac unit from 1990 to 2002. (Docket no. 21). A letter of reference written on Plaintiff's behalf by an Oakwood Hospital Clinical Nurse Manager, dated July 2003, states that Plaintiff did a good job when he held his previous position on the cardiac unit. While Plaintiff may have done well in his previous nursing position, the amended complaint does not allege facts to show that eight years later, when he applied for the telemetry position in 2010 with Oakwood Hospital, Plaintiff was qualified to perform the essential functions of the job.

Furthermore, Defendant asserts that Plaintiff was not qualified for the position or for hire with Oakwood Hospital because he failed to provide the written documentation Defendant requested in order to complete his job application. Plaintiff implies that Defendant's argument is merely a pretext for discrimination, but he does not state that he provided the necessary written documentation to complete his application. Rather, the amended complaint states that Plaintiff provided Defendant with a verbal explanation for the information being sought and disregarded Defendant's request for a written explanation, claiming that it was irrelevant.

Plaintiff has failed to allege facts to show that he was qualified to perform the essential functions of a telemetry nurse at Oakwood Hospital when he applied for the position in 2010. Based on the above, the Court recommends that Defendant's Motion To Dismiss be granted.

## III.   **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 3, 2012            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 3, 2012            s/ Lisa C. Bartlett
                                  Case Manager

6