UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PALAZZOLO,

    Plaintiff,

                                            Case No. 10-13146

v.

                                            Hon. John Corbett O'Meara

OAKWOOD HOSPITAL,

    Defendant.

_____/

**ORDER REJECTING REPORT AND RECOMMENDATION
AND DENYING DEFENDANT'S MOTION TO DISMISS**

Before the court is Magistrate Judge Mona Majzoub's January 3, 2012 report and recommendation that Defendant's motion to dismiss be granted. Plaintiff filed objections on January 16, 2012, and an affidavit from Plaintiff on January 18, 2012. Defendant filed a response to Plaintiff's objections on January 24, 2012.

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

The magistrate judge recommends that the court dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (internal quotation marks omitted). "To survive a motion to dismiss

under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

It is this court's opinion that Plaintiff's complaint meets this standard. Plaintiff alleges that Defendant Oakwood Hospital failed to hire him as a nurse because of his disability (substance abuse problem). Plaintiff's complaint alleges the elements of an Americans with Disabilities Act claim: that he is disabled as a result of his substance abuse problem, that Defendant was aware of this problem, that he was qualified for the position, and he was not hired because of his disability. See Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 452 (6th Cir. 2004) (elements of ADA claim); Amended Compl. at ¶¶ 21-34. Plaintiff also alleges that Defendant's reason for failing to hire him was pretextual. See id. at ¶¶ 25-30.

The magistrate judge recommended dismissal because, although Plaintiff alleges he was qualified because his nursing license was reinstated and he worked as a nurse at Harper Hospital, he did not "allege additional facts to show that [he] was qualified to perform essential functions of the telemetry job." Report & Recommendation at 4-5. Plaintiff is not required to prove his claim at this stage, however. Rather, he must simply allege, with reference to some factual allegations, that he was qualified. Whether he was actually qualified, with reference to the

essential functions of the job, is a matter for summary judgment following discovery or the finder of fact.

The magistrate judge also noted that Plaintiff was not qualified because he failed to provide "the written documentation Defendant requested in order to complete his job application." Plaintiff contends that the information requested was already in his employment file. According to Plaintiff, Defendant's articulated reason that Plaintiff was not hired because he failed to submit this documentation is pretextual. Again, Plaintiff's allegations are sufficient to survive a motion to dismiss. Taking Plaintiff's allegations as true, which the court must do at this stage, Plaintiff has stated a claim under the ADA.

Accordingly, IT IS HEREBY ORDERED that the January 3, 2012 report and recommendation is REJECTED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss is DENIED.


                                                s/John Corbett O'Meara
                                                United States District Judge

Date: February 1, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 1, 2012, using the ECF system.

                                                s/William Barkholz
                                                Case Manager